UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan Jose ALVARADO–DELGADO,
Defendant–Appellant.

No. 94–50594.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 28, 1996.*

Decided Oct. 18, 1996.

Christopher P. Tenorio, Federal Defenders of San Diego, Inc., San Diego, CA, for defendant-appellant.

Debra R. Torres–Reyes, Assistant United States Attorney, San Diego, CA, for plaintiff-appellee.

David P. Curnow, Assistant United States Attorney, San Diego, CA, on the en banc brief.

Before: HUG, Chief Judge, BROWNING, FLETCHER, PREGERSON, BRUNETTI, KOZINSKI, O'SCANNLAIN, TROTT, RYMER, KLEINFELD, and HAWKINS, Circuit Judges.

JAMES R. BROWNING, Circuit Judge:

I.

Alvarado–Delgado was deported from the United States in 1991. In 1994, he was

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

apprehended in the United States and indicted under 8 U.S.C. § 1326, which provides that any alien who has previously been deported and thereafter improperly reenters or is found in the United States without the Attorney General's consent can be fined and imprisoned. Alvarado–Delgado argued that because he had not been informed of his right to a deportation hearing, his waiver of this right and therefore his deportation were invalid. The district court determined at a pre-trial hearing that Alvarado–Delgado's prior deportation was lawful and barred him from presenting evidence on that issue at trial. Alvarado–Delgado failed to show the alleged procedural error in his prior deportation proceeding prejudiced him. We therefore affirm his conviction.

## II.

▮ Alvarado–Delgado argues the lawfulness of his prior deportation should have been submitted to the jury because this Court has held that lawfulness is an element of the offense § 1326, *United States v. Ibarra,* 3 F.3d 1333, 1334 (9th Cir.1993), and the Supreme Court has held that the jury must determine whether the defendant is guilty of every element of the crime charged. *United States v. Gaudin,* —— U.S. ——, ——, 115 S.Ct. 2310, 2313, 132 L.Ed.2d 444 (1995).

We overrule *Ibarra* insofar as it holds that the lawfulness of a prior deportation is an element of the offense under § 1326. *Ibarra,* 3 F.3d at 1334. The Supreme Court held to the contrary in *United States v. Mendoza–Lopez,* 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987), specifically rejecting *United States v. Gasca–Kraft,* 522 F.2d 149, 152 (9th Cir.1975), the case upon which *Ibarra* relied in holding lawfulness of the prior deportation was an element of the § 1326 offense:

> The first question we must address is whether the statute itself provides for a challenge to the validity of the deportation order in a proceeding under § 1326. Some of the Courts of Appeals considering the question have held that a deportation is an element of the offense defined by § 1326 only if it is "lawful," [footnoting, *inter alia, Gasca–Kraft* ] and that § 1326 therefore

permits collateral challenge to the legality of an underlying deportation order. The language of the statute, however, suggests no such limitation, stating simply that "[a]ny alien who has been arrested and deported or excluded and deported," 8 U.S.C. § 1326(1), will be guilty of a felony if the alien thereafter enters, attempts to enter, or is at any time found in, the United States. 8 U.S.C. § 1326(2).

> Nor does the sparse legislative history contain any evidence that Congress intended to permit challenge to the validity of the deportation in the § 1326 proceeding.

*Mendoza–Lopez,* 481 U.S. at 834–835 & n. 9, 107 S.Ct. at 2153–2154 & n. 9. Other courts have recognized that *Mendoza–Lopez* held lawfulness of the prior deportation is not an element of the § 1326 offense. *See United States v. Torres–Sanchez,* 68 F.3d 227, 229 (8th Cir.1995); *United States v. Holland,* 876 F.2d 1533, 1535 (11th Cir.1989); *see also* Gordon, Mailman, & Yale–Loehr, *Immigration Law and Procedure,* § 85.07[2][d] at 85–83.

Because the lawfulness of the prior deportation is not an element of the offense under § 1326, Alvarado–Delgado was not entitled to have the issue determined by a jury.

## III.

▮ Alvarado–Delgado also argues that the district court erred by permitting the government to rely on the prior deportation because the government could not prove beyond a reasonable doubt that he validly waived his right to a deportation hearing and because of a defect in the government's proof of the defendant's stipulation of waiver. Defendants charged under § 1326 can preclude the government from relying on a prior deportation if the deportation proceeding was so procedurally flawed that it "effectively eliminate[d] the right of the alien to obtain judicial review." *Mendoza–Lopez,* 481 U.S. at 839, 107 S.Ct. at 2156. However, to challenge his prior deportation collaterally, Alvarado–Delgado must prove prejudice as a result of the error. *United States v. Leon–Leon,* 35 F.3d 1428, 1431–32 (9th Cir.1994);

*United States v. Proa–Tovar,* 975 F.2d 592, 595 (9th Cir.1992) (en banc).

Alvarado–Delgado has failed to show that there are "plausible grounds of relief which might have been available to him but for the deprivation of rights." *Leon–Leon,* 35 F.3d at 1432. His concession below that he was subject to deportation in 1991 [ER 34] forecloses any argument that he was not. *See United States v. Galicia–Gonzalez,* 997 F.2d 602, 604 (9th Cir.1993). He has not shown that he would have been eligible for any form of discretionary relief. Therefore, the district court did not err in allowing the government to rely on Alvarado–Delgado's prior deportation.

### IV.

 Alvarado–Delgado also argues the district court erred in not suppressing his initial responses to the Border Patrol Agent because he was in custody but had not been given *Miranda* warnings. *See Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). However, as the government correctly notes, Alvarado–Delgado's initial statements were not admitted at trial. The Border Patrol Agent testified at trial only to statements made by Alvarado–Delgado after he received *Miranda* warnings. [Recorder's Transcript at 73–74, 76]. Therefore, we need not consider whether the pre-*Miranda* statements were admissible.

AFFIRMED.