108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus GONZALEZ-QUEZADA C/O Jesus Ernesto Rodriguez, aka
Jesus Gonzalez-Quesada, aka Jose Gutierrez-Perez,
aka Martin Estrada-Contreras, Defendant-Appellant.
 No. 96-10092.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Gonzalez-Quezada appeals pro se his conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Gonzalez-Quezada contends that the district court erred by: (1) denying his motion to dismiss the indictment; (2) violating his right to proceed pro se; (3) refusing to ask his proposed voir dire questions; and (4) granting the government's motion in limine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 I. Validity of Underlying Deportation Proceeding
 
 
 4
 Gonzalez-Quezada contends that the indictment should be dismissed because the INS failed to inform him that he could contact the Mexican consular or diplomat, provide him with seven days notice, and charged him with a more severe crime of possession of heroin and cocaine.[1]
 
 
 5
 Gonzalez-Quezada was advised of his Miranda and administrative rights, properly served with the Order to Show Cause in January of 1989, and waived his right to appeal at the deportation hearing. Thus, Gonzalez-Quezada's collateral attack fails because he cannot show prejudice. See United States v. Alvarado-Delgado, 98 F.3d 492, 493 (1996), cert. denied, No. 96-7633, 1997 WL 48936 (U.S. Feb. 24, 1997). Accordingly, the district court did not err by denying Gonzalez-Quezada's motion to dismiss. Id.
 
 II. Sixth Amendment Claims
 
 6
 Gonzalez-Quezada contends that the district court violated his Sixth Amendment right to self-representation by failing to grant him library privileges until the week before trial, and by appointing standby counsel over his objections. We disagree.
 
 
 7
 The Sixth Amendment guarantees a federal criminal defendant the right to proceed pro se, after voluntarily and intelligently waiving his right to counsel. See United States v. Wilson, 690 F.2d 1267, 1270 (9th Cir.1982) (citing Faretta v. California, 422 U.S. 806 (1975)). The right of self-representation does not include the right to materials or facilities that aid in preparation. See Wilson, 690 F.2d at 1271-72 (pro se litigant not entitled to pretrial law library access under the Fifth or Sixth Amendment). "The trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct," or appoint standby counsel, over the defendant's objection, to assist the defendant if his self-representation is terminated. United States v. Flewitt, 874 F.2d 669, 674 (9th Cir.1989) (quoting Faretta v. California, 422 U.S. 806, 835 n. 46 (1975)).
 
 A. Library Access
 
 8
 The district court appointed standby counsel after Gonzalez-Quezada verbally attacked the judge and the criminal justice system. The district court ordered access to the law library once Gonzalez-Quezada properly filed his motion. The district court did not deprive Gonzalez-Quezada of his right to proceed pro se, because library privileges are not included within the Sixth Amendment right to self-representation. See Wilson, 690 F.2d at 1271-72.
 
 B. Appointment of Standby Counsel
 
 9
 The district court did not violate Gonzalez-Quezada's right to self-representation because, although it was within its authority to terminate his pro se status due to his disruptive behavior, the court appointed standby counsel to offer assistance with court procedures and safeguard judicial efficiency in case Gonzalez-Quezada's pro se status was eventually terminated. See Flewitt, 874 F.2d at 674.
 
 III. Due Process Claims
 A. Proposed Voir Dire Questions
 
 10
 Gonzalez-Quezada contends that the district court violated his right to a fair trial because it refused to ask his proposed voir dire questions regarding the jurors' political party affiliations and views on affirmative action and immigration. We disagree.
 
 
 11
 We review for abuse of discretion the district court's refusal to ask specific voir dire questions. United States v. Goland, 959 F.2d 1449, 1454 (9th Cir.1992). Specific voir dire questions are needed to ward off prejudice in cases with racial overtones, involving well-known community matters about which the local community population feels strongly, and involving other forms of bias and distorting influence. See United States v. Toomey, 764 F.2d 678, 682 (9th Cir.1985) (quoting United States v. Jones, 722 F.2d 528, 529 (9th Cir.1983)).
 
 
 12
 Here, Gonzalez-Quezada sought to eliminate members of the Republican Party from the jury because of their racist attitudes and anti-affirmative action and immigration views. Although the district court did not ask Gonzalez-Quezada's proposed questions, it asked broad questions regarding the jurors' views on immigration, political affiliations, and racial and cultural bias. Accordingly, the district court did not abuse its discretion by refusing to as Gonzalez-Quezada's specific question. See Goland, 959 F.2d at 1454 (no abuse of discretion where district court refused to ask potential jurors which candidate they voted for and which political party they supported); Toomey, 764 F.2d at 682.
 
 B. Motion in Limine
 
 13
 Finally, Gonzalez-Quezada contends that the district court violated his due process rights by granting the government's motion in limine, because the government did not have to prove the validity of his prior deportation beyond a reasonable doubt. We disagree.
 
 
 14
 A person is guilty of illegally reentering the United States following deportation, if he is an alien who was arrested and deported or excluded, and subsequently entered or attempted to enter the United States without inspection. 8 U.S.C. § 1326 (Supp.1996); Alvarado-Delgado, 98 F.3d at 493. Legality of the prior deportation is not an element of the crime of illegal reentry following deportation, and is not an issue to be determined by the jury. Id.
 
 
 15
 Because the validity of the prior deportation proceeding is not an element of the crime of illegal reentry, the district court did not err by denying Gonzalez-Quezada an opportunity to present the issue to the jury. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to address Gonzalez-Quezada's claim that he was not given a list of free legal services, because he raises it for the first time on appeal. See United States v. Cupa-Guillen, 34 F.3d 860, 863 (9th Cir.1994)