132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mauricio Antonio MARTINEZ-VALIENTE, Defendant-Appellant.
 No. 97-10029.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1997**
Decided Dec. 10, 1997.
 
 Appeal from the United States District Court for the Northern District of California Susan Illston, District Judge, Presiding
 Before: BRIGHT,*** FLETCHER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martinez-Valiente, a native and citizen of El Salvador, appeals his conviction under 8 U.S.C. § 1326(b)(1) for illegal reentry after deportation following a felony conviction. Martinez-Valiente argues that he could not properly be convicted under § 1326(b)(1) because: 1) he was denied the right to attend the hearing at which his underlying deportation was ordered; and 2) he lacked the necessary intent to commit the offense under § 1326(b)(1) since he believed that his underlying deportation proceedings were invalid due to his absence. We affirm.
 
 I. Deportation Hearing
 
 3
 Martinez-Valiente acknowledges that the lawfulness of a prior deportation is not an element of the offense under § 1326. See United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir.1996) (en banc), cert. denied, 117 S.Ct. 1096 (1997). However, citing United States v. Mendoza-Lopez, 481 U.S. 828 (1987), Martinez-Valiente argues that, because his deportation hearing was conducted in abstentia, it was so fundamentally unfair as to effectively deprive him of his right to appeal. Even so, Martinez-Valiente properly concedes that to challenge his prior deportation collaterally Ninth Circuit precedent requires him to prove prejudice as a result of the error. See Alvarado-Delgado, 98 F.3d at 493-94.
 
 
 4
 Nevertheless, Martinez-Valiente argues first that his absence from the hearing at which he was ordered deported was such a fundamental due process deprivation that prejudice should be presumed. However, Martinez-Valiente can cite no authority for this novel proposition that seems to subvert the prejudice requirement. he concedes is the clear law of this circuit.
 
 
 5
 Martirnez-Valiente further argues that he was in fact prejudiced by his absence from the hearing because his ex-wife and children are U.S. citizens, because he could have benefitted from voluntary departure, and because he may have been able to make a claim for asylum. We disagree. Martinez-Valiente concedes that he himself is an alien. Moreover, because of his felony conviction, he was ineligible for favorable alternatives to deportation. Finally, Martinez-Valiente has not at any time alleged any facts that could support a claim for asylum. The district court did not err.
 
 II. Intent
 
 6
 Martirez-Valiente acknowledges that § 1326 is not a specific intent crime. As such, under the clear precedent of this court and every other circuit but the Seventh, no reasonable belief defense is available against a charge of illegal reentry. See United States v. Leon-Leon, 35 F.3d 1428, 1432-33 (9th Cir.1994). Nevertheless, Martinez-Valiente urges this court to reconsider its rejection of the reasonable belief defense in light of his argument that, because he believed that his deportation was invalid, he did not have the necessary intent to commit the offense of illegal reentry under § 1326. We decline to do so.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3