142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Rafael VILLAPONDO-RODRIQUEZ, Defendant-Appellant.
 No. 97-50143.
DC No. CR-94-01224-MLH.
 United States Court of Appeals, Ninth Circuit.
 Submitted** April 7, 1998.
Decided April 30, 1998.
 
 Appeal from the United States District Court Southern District of California, Marilyn L. Huff, District Judge, Presiding.
 Before GIBSON,*** SCHROEDER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rafael Villapondo-Rodriguez was convicted of the felony of being an alien who reentered the United States without permission after having been deported. See 8 U.S.C. § 1326(a) and (b)(2) (1994). On appeal, Villapondo-Rodriguez claims that, because his waiver of the fourteen-day waiting period between the Show Cause Order and the Show Cause hearing was not knowing and voluntary, his conviction under section 1326 should be reversed. We affirm.
 
 
 3
 On February 26, 1991, Villapondo-Rodriguez was convicted of the aggravated felony of voluntary manslaughter. On October 23, 1994, he was deported from the United States to Mexico, and on October 24, 1994, the United States border patrol found Villapondo-Rodriguez in the United States in violation of his deportation order. On February 13, 1997, Villapondo-Rodriguez was found guilty of being an alien who reentered the country without permission. See 8 U.S.C. § 1326(a) and (b)(2).
 
 
 4
 Villapondo-Rodriguez argues that his section 1326 conviction cannot stand because, when he was first deported, he did not receive the statutorily required fourteen-day waiting period between the Show Cause Order and his Show Cause hearing. He claims that his waiver of the waiting period was not knowing and voluntary and that, therefore, "the deportation proceeding was so procedurally flawed that it 'effectively eliminate[d his] right ... to obtain judicial review.' " United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir.1996) (en banc) (quoting United States v. Mendoza-Lopez, 481 U.S. 828, 839, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987)) (alterations added), cert. denied --- U.S. ----, 117 S.Ct. 1096, 137 L.Ed.2d 228 (1997).
 
 
 5
 We review de novo whether the defects in an underlying deportation procedure invalidate the proceeding for use in proving a section 1326 conviction. See United States v. Leon-Leon, 35 F.3d 1428, 1430 (9th Cir.1994).
 
 
 6
 We affirm the district court's determination that Villapondo-Rodriguez's claimed deportation defect did not invalidate his section 1326 deportation conviction. The court found that Villapondo-Rodriguez's waiver was knowing and voluntary, but that, even if it were not, he could not establish that he was prejudiced by any defect in his deportation proceeding. See id. at 1431-32 (requiring a defendant to prove prejudice resulting from the underlying defect); United States v. Proa-Tovar, 975 F.2d 592, 595 (9th Cir.1992) (en banc).
 
 
 7
 The law of this Circuit requires a defendant to prove that he was prejudiced as a result of the defect in the underlying deportation proceeding. See Leon-Leon, 35 F.3d at 1431-32. Villapondo-Rodriguez is unable to show that the result of his deportation hearing would have been any different had it been held fourteen days after he received his Show Cause Order. Because Villapondo-Rodriguez has committed an aggravated felony, he would not have been entitled to asylum, see 8 U.S.C. § 1158(d), or to withholding of deportation, see 8 U.S.C. § 1253(h)(1) and (2)(B). Therefore, we conclude that Villapondo-Rodriguez is unable to establish that he was prejudiced by any defect in his deportation proceeding. Cf. Alvarado-Delgado, 98 F.3d at 494 (defendant's inability to show entitlement to any form of discretionary relief precludes finding of prejudice). We affirm Villapondo-Rodriguez's conviction under section 1326.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3