**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Margarito MURGUIA OLIVEROS,**
**Defendant–Appellant.**

No. 00–50415.

D.C. No. CR–96–00735–MLR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 2001.

Decided Oct. 24, 2001.

Before BOOCHEVER, FERNANDEZ and FISHER, Circuit Judges.

MEMORANDUM *

Appellant Margarito Murguia Oliveros appeals the district court's decision denying his motion to withdraw his guilty plea to a charge of illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

"On appeal, this court reviews for an abuse of discretion a district court's denial of a motion to withdraw a guilty plea." *United States v. Nagra,* 147 F.3d 875, 880 (9th Cir.1998). A guilty plea may be withdrawn upon a showing by the defendant of any "fair and just reason." Fed.R.Crim.P. 32(e). A plea may be withdrawn where the defendant alleges "newly discovered evidence, intervening circumstances, or any other reason for withdrawing his plea

---

that did not exist when he pleaded guilty." *United States v. Turner,* 898 F.2d 705, 713 (9th Cir.1990) (quoting *United States v. Rios–Ortiz,* 830 F.2d 1067, 1069 (9th Cir. 1987)).

■ The district court did not abuse its discretion by denying Murguia's motion to withdraw his plea because Murguia did not demonstrate new evidence or intervening events providing him with a viable defense to the charges against him. Although Murguia's underlying deportation orders were reopened by an Immigration Judge (IJ) subsequent to his plea but before his sentencing, the IJ administratively closed the case five days later. At the time the district court denied Murguia's motion, Murguia's underlying deportation orders were legally valid. Moreover, the "deportation" element of § 1326 is satisfied by the historical fact of deportation, *United States v. Medina,* 236 F.3d 1028, 1030–31 (9th Cir.2000); the lawfulness of a deportation is not an element of the offense, *United States v. Alvarado–Delgado,* 98 F.3d 492, 493–94 (9th Cir.1996) (en banc).

Nor did the district court ignore the prior mandate of this court on remand. The March 31, 2000 order of this court remanded this case to the district court with instructions to determine whether Murguia's deportation proceedings were reopened, and, if so, whether that reopening constituted a "fair and just reason" for withdrawal of his guilty plea. On remand, the court determined that Murguia's deportation case was closed. It therefore did not need to reach the question whether reopening constituted a fair and just reason for withdrawal of the guilty plea.

Because Murguia offered no "fair or just reason" to withdraw his plea, the district court did not abuse its discretion.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.