UNITED STATES of America, Plaintiff—Appellee,

v.

Francisco Javier GALVAN–MUNOZ, Defendant—Appellant.

No. 00–50412.

D.C. No. CR–99–03102–NAJ.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Submitted Aug. 16, 2002.*
Decided Aug. 20, 2002.

Before RYMER, HAWKINS and
GOULD, Circuit Judges.

MEMORANDUM **

Francisco Galvan–Muñoz appeals his
conviction for being a deported alien found
in the United States in violation of 8

U.S.C. § 1326. The facts underlying the
deportation are as follows.

On April 14, 1995, Galvan–Muñoz pled
guilty to robbery in violation of California
Penal Code section 211. On May 9, 1995,
Galvan–Muñoz was sentenced to 365 days
custody, five years probation, and a $200
fine. At that time, robbery with a sentence of less than five years imprisonment
was not an aggravated felony and did not
render one deportable. Additionally, at
the time of Galvan–Muñoz's guilty plea,
the Immigration and Nationality Act
("INA") section 212(c) permitted an alien
convicted of a deportable offense to seek
discretionary relief from deportation from
the Attorney General, provided that the
alien met certain eligibility requirements.
*See* 8 U.S.C. § 1182(c) (1995).

On April 24, 1996, Congress amended
the INA through the enactment of the
Antiterrorism and Effective Death Penalty
Act of 1996 ("AEDPA"). AEDPA expanded the category of criminal convictions that
would render an alien ineligible to apply
for INA section 212(c) discretionary relief
from deportation. As relevant to this case,
section 440(d) provided that discretionary
relief from deportation could not be granted to an alien convicted of an enumerated
aggravated felony. AEDPA § 440(d), 110
Stat. at 1277. However, because Galvan–
Muñoz's crime was not then classified as
an aggravated felony, he was not deportable under AEDPA.

On September 30, 1996, Congress enacted the Illegal Immigration and Reform

* This panel unanimously finds this case suitable for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009, which further restricted the availability of discretionary relief from deportation. IIRIRA enlarged the definition of "aggravated felony" to include "a theft offense ... for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G) (1996). IIRIRA also eliminated the discretionary relief from deportation available under INA section 212(c), replacing it with a procedure called "cancellation of removal." *See* 8 U.S.C. § 1229b(a)(3).

As a result of these changes to the immigration laws, the INS served Galvan–Muñoz with a notice to appear on September 18, 1997. Based on IIRIRA, the INS classified Galvan–Muñoz's conviction for robbery as an "aggravated felony"-a deportable offense. On October 27, 1997, Galvan–Muñoz appeared before an Immigration Judge ("IJ") for a deportation hearing. The IJ concluded that Galvan–Muñoz was an aggravated felon ineligible for relief and ordered Galvan–Muñoz deported. After the IJ informed Galvan–Muñoz that "there was no relief available and that he was not eligible for a 'pardon,'" Galvan–Muñoz waived his right to appeal the IJ's decision, and he was deported to Mexico.

On July 30, 1999, Galvan–Muñoz was arrested in the United States by San Diego police officers. Galvan–Muñoz was subsequently released to the INS and charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

Galvan–Muñoz filed a motion to dismiss the indictment for illegal reentry on the ground that the underlying deportation proceeding violated due process by retroactively attaching new immigration consequences to his prior robbery offense. The district court heard argument on Galvan–Muñoz's motion to dismiss, and the motion was taken under advisement. Despite concluding that Galvan–Muñoz's waiver of his right to appeal the deportation may have been constitutionally defective, the district court denied Galvan–Muñoz's motion to dismiss the indictment because it concluded that Congress clearly intended the provisions of IIRIRA to have retroactive effect. The court later denied Galvan–Muñoz's motion for reconsideration.

Galvan–Muñoz entered a conditional guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On July 30, 1999, the district court sentenced Galvan–Muñoz to thirty months imprisonment, three years supervised release, and a $100 fine. Galvan–Muñoz appeals, arguing that he is entitled to apply to the Attorney General for discretionary relief from deportation under INA section 212(c), the law in place at the time he pled guilty to robbery.

Galvan–Muñoz first argues that, because the defects in his deportation proceeding foreclosed judicial review, due process requires that he be afforded an opportunity to collaterally challenge the deportation decision in the context of this criminal proceeding. *United States v. Mendoza–Lopez,* 481 U.S. 828, 838, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). The district court determined that Galvan–Muñoz had satisfied the requirements of *Mendoza–Lopez* and that his collateral challenge should therefore be addressed on the merits. *Id.; see also United States v. Alvarado–Delgado,* 98 F.3d 492, 493–94 (9th Cir.1996) (en banc). We agree with this determination and see no reason to disturb it.

The district court rejected Galvan–Muñoz's collateral challenge on the merits. However, after the district court issued its judgment, the United States Supreme Court issued its opinion in *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). In *St. Cyr,* the United States

Supreme Court concluded, under the test articulated in *Landgraf v. USI Film Prods.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), that Congress had not manifested a clear intent that IIRIRA's repeal of section 212(c) of the INA be applied retroactively and that such an application would "produce[ ] an impermissible retroactive effect for aliens who ... were convicted pursuant to a plea agreement at a time when their plea would not have rendered them ineligible for § 212(c) relief." *St. Cyr*, 533 U.S. at 320. Accordingly, the Court concluded that the repeal of section 212(c) could not be applied retroactively to aliens who pled guilty at a time when section 212(c) discretionary relief was not foreclosed to them.

We conclude that the holding of *St. Cyr* applies to Galvan–Muñoz and requires that he be afforded the opportunity to apply for section 212(c) discretionary relief from the Attorney General.[1] As Galvan–Muñoz argues, a contrary conclusion would likely run afoul of his due process rights. *See Dillingham v. INS*, 267 F.3d 996, 1004–06 (9th Cir.2001) (holding that due process rights incorporate equal protection guarantees and that the government must have a rational basis for distinguishing, in imposition of immigration consequences, between similarly situated classes of aliens). We reverse and remand to enable Galvan–Muñoz to apply for such discretionary relief.

REVERSED and REMANDED for proceedings consistent with this opinion.

Scott D. HAMBY, Petitioner—
Appellant,

v.

Ernest C. ROE, Warden, Respondent—
Appellee.

No. 00–56886.

D.C. No. CV–00–00625–AHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2002.

Decided Aug. 20, 2002.

---

1. The government's argument to the contrary would carry more weight if Galvan–Muñoz had pled guilty to robbery *after* the enactment of AEDPA. *See United States v. Velasco-Medina*, No. 01–50064, —— F.3d —— (9th Cir. Aug. 12, 2002). If that were the case, AEDPA would have provided Galvan–Muñoz with fair notice that his crime could be reclassified as an aggravated felony, in which case he would become ineligible for discretionary relief. *Id.* Such notice is conspicuously absent from this case.

Before LAY, CANBY and PAEZ,
Circuit Judges.