**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alonso ORTEGA–CASTILLO,**
**Defendant–Appellant.**

No. 02–10063.
D.C. No. CR 01–0332 PHX–ROS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Jan. 16, 2003.

Before BRUNETTI and TASHIMA, Circuit Judges, and EZRA,* District Judge.

## MEMORANDUM **

Alonso Ortega–Castillo ("Defendant") appeals from his conviction as an alien under 8 U.S.C. § 1326 for illegally re-entering the United States. Defendant, the son of two United States citizens and the father of four United States citizens, was convicted of several crimes while living in the United States. Eventually, the Immigration & Naturalization Service ("INS") initiated deportation proceedings against him and Defendant was deported to Mexico pursuant to a hearing conducted by an immigration judge ("IJ"). Defendant re-entered the United States on numerous occasions, leading the United States to file the indictment against Defendant.

At the evidentiary hearing on Defendant's motion to dismiss the indictment, mechanical failures required that live testimony from the IJ be entered into evidence in lieu of a tape recorded account of Defendant's actual deportation proceeding. Al-though the IJ did not remember the specifics of Defendant's case, she testified about her standard procedures, and, that she had employed those procedures on the day she heard Defendant's case. Defendant nonetheless claims that he was not advised of his right to appeal, and, that he was not given the opportunity to apply for a waiver under Immigration & Nationality Act § 212(c) for discretionary relief from deportation (" § 212(c) waiver").

Thus, Defendant argues that the deportation proceedings against him were constitutionally defective because he did not voluntarily and intelligently waive his rights to appeal and to seek a waiver.

The standard of review for the district court's dismissal of Defendant's collateral attack of his deportation order is *de novo*.

The circumstances under which an alien may collaterally attack his deportation order are set forth in Title 8 U.S.C. § 1326(d). In addition to finding that Defendant was deprived of an opportunity for judicial review, § 1326(d) only allows collateral attack of a deportation order if Defendant demonstrates (1) exhaustion of "any administrative remedies that may have been available to seek relief after the order," and (2) the fundamental unfairness of the IJ's order. *See* 8 U.S.C. § 1326(d). In this case, the written record indicates that Defendant waived his right to appeal the deportation order.

Having reviewed the record, we conclude that Defendant's waiver was valid and thus, Defendant cannot attack the deportation order collaterally. All evidence indicates that the IJ followed her routine practice, which included individually advising potential deportees of their rights to

---

* The Honorable David Alan Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

**442**

appeal and to discretionary relief. Also, Defendant had previously been granted a § 212(c) waiver and thus, he was aware that relief from deportation was available.

Moreover, the Ninth Circuit has repeatedly held that to challenge a deportation order successfully, a defendant must do more than show that his rights were violated. The defendant must also prove prejudice as a result of the error. *United States v. Alvarado–Delgado*, 98 F.3d 492, 493 (9th Cir.1996). In this case, the record does not establish prejudice to Defendant because he did not present evidence that his family circumstances created plausible grounds for relief from deportation under § 212(c). Common results of deportation include uprooting families who have become accustomed to life in the United States. Thus, despite the fact that hardships could be experienced by family members, they are not extreme and beyond the anticipated consequences of deporting a convict.

Defendant offered no concrete information regarding his relationship with his four daughters and his father, all of whom are United States citizens. The evidence does not indicate whether Defendant supports or is even in contact with these family members. Although Defendant asserts that he had plausible grounds for relief such that flaws in his deportation proceedings caused him actual prejudice, the fact that he did not satisfy the burden of showing extreme hardship on his family means that such relief was in fact non-existent and therefore, not plausible.

AFFIRMED.