UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Luis BAHENA–MEDINA,
Defendant—Appellant.

No. 04–10517.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Before: GOODWIN, W. FLETCHER,
and FISHER, Circuit Judges.

MEMORANDUM **

Jose Luis Bahena–Medina appeals his jury-trial conviction and sentence for being a previously deported alien found in the United States in violation of 8 U.S.C. § 1326(a), (b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Bahena–Medina contends that his conviction is invalid because the district court did not *sua sponte* instruct the jury that it had to conclude that his prior deportation was valid. Because Bahena–Medina did not raise this issue below, we review only for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Ortiz,* 362 F.3d 1274, 1276 (9th Cir.2004). This claim fails because Bahena–Medina cannot establish that the district court committed error that was contrary to the law at the time of this appeal. *See United States v. Johnson,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Previous decisions of this court and of the Supreme Court have repeatedly concluded that the validity of a prior deportation is not an element of a § 1326 offense. *See, e.g., United States v. Mendoza–Lopez,* 481 U.S. 828, 834–35, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987); *United States v. Alvarado–Delgado,* 98 F.3d 492 (9th Cir.1996).

Bahena–Medina's contention that the court erred in applying a 16–level enhancement is without merit. *See Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004); *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Von Brown,* 417 F.3d 1077, 1079–80 (9th Cir.2005).

Nevertheless, because Bahena–Medina was sentenced under the then-mandatory

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sentencing Guidelines, and because we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand the sentence for further proceedings consistent with *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir. 2005) (extending *Ameline'* s limited remand procedure to cases involving nonconstitutional error).

**CONVICTION AFFIRMED; SENTENCE REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.