**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Miguel DIAZ–CORTEZ, Defendant—Appellant.**

**No. 05–50694.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 25, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Marisa Lynne Dersey, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Miguel Diaz–Cortez appeals from his conviction by jury trial and his sentence for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

█ Diaz–Cortez first contends that insufficient evidence supports his conviction because the prosecution failed to establish that Diaz–Cortez was physically present at a prior deportation proceeding. The Government, however, does not have to prove

physical presence in order to establish a § 1326 violation. *See United States v. Mendoza–Lopez,* 481 U.S. 828, 837, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987); *see also United States v. Alvarado–Delgado,* 98 F.3d 492, 493 (9th Cir.1996) (en banc).

We further reject Diaz–Cortez's contentions that he was entitled to a jury instruction that, under § 1326, the element of deportation requires both that Diaz–Cortez was physically present at a hearing and that an immigration judge entered a final order of deportation against him. *See Alvarado–Delgado,* 98 F.3d at 493 (holding that lawfulness of the predicate deportation is not an element of the § 1326 offense and therefore a defendant is not entitled to have that issue determined by a jury).

█ In addition, we hold that the district court's use of Diaz–Cortez's prior aggravated felony conviction to enhance his sentence did not violate his Sixth Amendment rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). It is well-settled under *Apprendi* and *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that the fact of a prior conviction does not need to be alleged in an indictment, submitted to a jury or proved beyond a reasonable doubt. *See, e.g., United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.