

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50262 |
| Plaintiff-Appellee, | D.C. No. 08CR04128-LAB |
| v. | |
| JORGE ALBERTO SOBERANES-NUNEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before: GOULD and IKUTA, Circuit Judges, and GEORGE, Senior District
Judge.**

Appellant Jorge Soberanes was a lawful permanent resident in the United

States when he was convicted on February 16, 1999, in Fresno County, California,

---

\* This disposition is not appropriate for publication and is not precedent except as provided
by 9th Cir. R. 36-3.

\*\* The Honorable Lloyd D. George, Senior United States District Judge for the District of
Nevada, sitting by designation.

of conspiracy to sell heroin and sentenced to six years' custody. On March 26, 2003, Soberanes appeared before the immigration judge who ordered that he be removed from the United States to Mexico. The 2003 order became final when Soberanes' appeal to the Ninth Circuit Court of Appeals was dismissed for failure to prosecute on September 29, 2005.

Soberanes was not removed, but was convicted on November 30, 2006, in Los Angeles County, California, for possessing marijuana for sale and sentenced to two years' custody. On March 26, 2008, the Department of Homeland Security issued a warrant of removal/deportation for Soberanes, and removed him to Mexico on April 2, 2008.

On October 30, 2008, a border patrol agent discovered Soberanes hiding in the brush on the United States side of the border between Tecate and Campo, California. Soberanes was indicted for attempted reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b). After a one-day bench trial, he was convicted and sentenced to 51 months' incarceration.

On appeal, Soberanes argues that his 2008 removal was illegal because the 2008 warrant of removal/deportation cited an inapplicable statute, Section 241(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(5), as authority. Section 1231(a)(5) provides for the reinstatement of a prior removal order when an

2

alien has "reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal." Soberanes submits that he was neither removed nor departed voluntarily from the United States before the 2008 warrant of removal/deportation was issued.

The lawfulness of a prior deportation is not an element of the offense under § 1326. United States v. Alvarado-Delgado, 98 F.3d 492, 494 (9th Cir. 1996) (en banc). At trial, the government proved, and Soberanes conceded, that he was in fact removed upon execution of the 2008 warrant of removal/deportation. The evidence was therefore sufficient to convict Soberanes under § 1326. See United States v. Medina, 236 F.3d 1028, 1030 (9th Cir. 2001).

While a defendant charged under § 1326 can collaterally attack a prior deportation by showing that the proceedings were so fundamentally flawed as to effectively eliminate the right to judicial review, such a defendant must also show prejudice as a result of the error. Alvarado-Delgado, 98 F.3d at 494. Here, Soberanes suffered no prejudice as a result of the citation of inapplicable statutory authority in the 2008 warrant of removal/deportation because he still remained subject to removal based on the 2003 removal order that became final in 2005 after full judicial review. Because Soberanes suffered no prejudice, the district court did

3

not err in refusing to dismiss the indictment.  See United States v. Moriel-Luna, 585 F.3d 1191, 1196 (9th Cir. 2009).

**AFFIRMED.**

4