**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rogelio MEDINA, aka Rogelo Medina,
Defendant–Appellant.**

**No. 99–50566.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2000[1]

Filed Jan. 3, 2001

---

1. The panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

**1030**

George Siddell, San Diego, California, for the defendant-appellant.

Nancy B. Spiegel, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: D. W. NELSON, BRUNETTI, and KOZINSKI, Circuit Judges.

BRUNETTI, Circuit Judge:

Appellant Rogelio Medina appeals the denial of his motion to dismiss the indictment charging him with being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. Medina entered a conditional plea of guilty to the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Medina contends that the indictment should have been dismissed because the audiotape from his prior deportation proceeding was blank. He argues that the absence of a tape or transcript requires dismissal for two reasons: first, the government cannot prove the element of de-

portation, and second, his due process rights have been violated because he is unable to collaterally attack the prior proceeding. The district court rejected these arguments, holding that the government is not required to prove the element of deportation with a tape recording and that the lack of a tape or transcript does not deprive Medina of the opportunity to collaterally attack the deportation. We agree with the district court's conclusions and affirm.

## I.

Although the government has the burden of proving the element of a prior deportation,[2] "the lawfulness of the prior deportation is not an element of the offense under § 1326." *United States v. Alvarado–Delgado*, 98 F.3d 492, 493 (9th Cir.1996). The government merely needs to prove that Medina was in fact previously deported. Medina argues that, to satisfy this burden, the government must provide a tape recording or a transcript as proof of the prior deportation. To buttress this argument, he relies on two previous opinions by this court, *United States v. Ortiz–Lopez*, 24 F.3d 53 (9th Cir.1994) and *United States v. Bejar–Matrecios*, 618 F.2d 81 (9th Cir.1980). However, these cases do not address the sufficiency of evidence necessary to prove prior deportation; instead, they go to the separate and distinct element of alienage. In *Bejar–Matrecios*, we held that the government actually had to prove the element of alienage to obtain a conviction for a violation of section 1326. *See* 618 F.2d at 83. And in *Ortiz–Lopez*, we held that factual findings in a defendant's prior deportation hearing, where the burden of proof was clear and convincing evidence, could not be used to establish the alienage element in a later criminal prosecution. *See* 24 F.3d at 55–56.

Clearly it would be improper for the government to rely on factual findings

---

**2.** In order to prove a violation of 8 U.S.C. § 1326, the government must prove that the defendant (1) is an alien; (2) was deported from the United States; and (3) reentered the

United States without the consent of the Immigration and Naturalization Service. *See* : 9th Cir.Crim. Jury Instr. 9.5 (2000).

from a deportation hearing to prove an element of the crime of illegal reentry, as the burden of proof in a criminal proceeding requires a greater showing by the government than in an administrative hearing. The use of a deportation order to prove the element of alienage would allow the government to skirt around the more stringent requirements of a criminal proceeding by relying on that factual finding from the INS proceeding. To put it more simply, the government would demonstrate that Medina is an alien by showing that the INS found that he was an alien.

■ With regard to the element of prior deportation, the government merely needs to prove that a deportation proceeding actually occurred with the end result of Medina being deported. The use of a deportation order or warrant in those circumstances does not require the inappropriate and improper reliance on a factual finding from a prior administrative proceeding. Instead, it merely shows that the proceeding actually occurred. No factual inferences or findings need be drawn from that warrant or order. There is no reason to require the government to produce further evidence, such as transcripts or tape recordings, in proving this element.

The Fifth Circuit has held similarly in a case concerning the absence of a transcript of the prior deportation proceeding. *See United States v. Palacios–Martinez*, 845 F.2d 89, 91 n. 4 (5th Cir.), *cert. denied* 488 U.S. 844, 109 S.Ct. 119, 102 L.Ed.2d 92 (1988). We agree with that Court's reasoning and apply it to audio tape recordings. "[T]he lack of transcript availability clearly does not invalidate use of a prior deportation to establish the deportation as an element necessary to prove the crime." *Id.* The various avenues of proof should be left open for the government to prove the prior deportation, and we reject Medina's first argument.

## II.

■■ However, "[d]efendants charged under § 1326 can preclude the government

from relying on a prior deportation if the deportation proceeding was so procedurally flawed that it 'effectively eliminate[d] the right of the alien to obtain judicial review.'" *Alvarado–Delgado*, 98 F.3d at 493 (quoting *United States v. Mendoza–Lopez*, 481 U.S. 828, 839, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987)). In order to collaterally attack his prior deportation, Medina must show that the deportation hearing was fundamentally unfair and that he was prejudiced by the error. *Mendoza–Lopez*, 481 U.S. at 838–39, 107 S.Ct. 2148; *see also United States v. Proa–Tovar*, 975 F.2d 592, 594–95 (9th Cir.1992). Medina does not satisfy either requirement.

■ First, he argues that the mere absence of a tape recording or transcript of his deportation proceeding satisfies the fundamental unfairness requirement. We do not agree, as Medina was not deprived of any procedural right during the proceeding nor was he deprived of the right of appeal because of the absence of a tape or transcript. In *Mendoza–Lopez*, the Supreme Court "declined ... to enumerate which procedural errors are so fundamental that they may functionally deprive the alien of judicial review, requiring that the result of the hearing in which they took place not be used to support a criminal conviction." *Id.* at 839 n. 17, 107 S.Ct. 2148. However, the Court analogized to abuses in the context of criminal proceedings which had been recognized as "render[ing] a trial fundamentally unfair," such as the use of a coerced confession, adjudication by a biased judge, and knowing use of perjured testimony. *Id.* (internal quotation marks omitted). We find this analogy helpful in guiding our analysis of whether Medina has been functionally deprived of judicial review by the absence of a tape recording or transcript, as both the severity of the examples cited by the Court and their intentional nature are notable in comparison with the mistake that occurred here.

After *Mendoza–Lopez*, this court has only found errors in deportation hearings

to be fundamentally unfair, and therefore a deprivation of the right to judicial review, in instances involving the waiver of direct review during a deportation hearing or the denial of an opportunity for the alien to show why he should not be deported. *See United States v. Zarate–Martinez*, 133 F.3d 1194, 1197–98 (9th Cir.1998); *United States v. Leon–Leon*, 35 F.3d 1428, 1431 (9th Cir.1994); *Proa–Tovar*, 975 F.2d at 594. The inquiry has focused on whether the waiver was knowing and intelligent or whether the judge deprived the alien of the ability to explain himself. *See Zarate–Martinez*, 133 F.3d at 1197–98; *see also Leon–Leon*, 35 F.3d at 1431.

The absence of a tape recording or transcript surely *affects* judicial review of a deportation hearing. Without a contemporaneous recording, the hearing lacks a key element of an adjudicatory proceeding: a means to preserve a record for later appellate review. *See Cortez–Acosta v. INS*, 234 F.3d 476, 482 (9th Cir.2000). When "an adjudicator acts without the minimal trappings of an adjudicatory proceeding, such as in the absence of a contemporaneous recording," we no longer owe him the deference normally given to an adjudicator. *Id.* at 483. On review, we would treat the IJ's findings as "the observations of an ordinary witness," rather than as findings of fact. *Id.* The absence of a recording thus alters the nature of judicial review; it does not, however, "effectively eliminate[ ] the right of the alien to obtain judicial review." *Mendoza–Lopez*, 481 U.S. at 839, 107 S.Ct. 2148. As the district court noted at the hearing on his motion to dismiss, other means were available for Medina to challenge the validity of his prior deportation hearing, such as his own memory, witnesses, and the information within his INS file. This reasoning is in accord with that of the Fifth Circuit in *Palacios–Martinez*, 845 F.2d at 91 n. 4, which held that, in the absence of a transcript of a deportation proceeding, "[w]hatever papers and oral testimony exist may well serve adequately to accomplish the collateral re-

view." We therefore hold that Medina was not deprived of his due process rights because of the absence of a tape recording of his prior deportation proceeding.

Secondly, if Medina's due process rights had been violated, he must prove "prejudice as a result of the error." *Alvarado–Delgado*, 98 F.3d at 493. To do so, he must show "plausible grounds of relief which might have been available to him but for the deprivation of rights." *Id.* at 494 (internal quotation marks omitted). However, Medina does not offer any evidence or argument that he was prejudiced. "[W]e have clearly held the alien has the burden of proving prejudice in such circumstances." *Leon–Leon*, 35 F.3d at 1432. Medina offers only the vague assertion that, if a tape recording was available, he might be able to locate some defect in the proceeding. But this is "no more than speculation to support his assertion of prejudice, and [he has] fail[ed] to set forth any plausible argument or factual basis" that would support his position. *United States v. Corrales–Beltran*, 192 F.3d 1311, 1318–1319 (9th Cir.1999). The record here does not establish prejudice.

AFFIRMED.

---

* The panel unanimously finds this case suitable

for decision without oral argument. *See* Fed.