**Roxana Del Carmen SOLANO,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**No. 01–71175.
I & NS No. A28–335–200.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2002.

Decided June 5, 2002.

---

Before PREGERSON and TROTT, Circuit Judges, and FITZGERALD,* District Judge.

MEMORANDUM **

Petitioner Roxana Del Carmen Solano petitions for review of a decision of the Board of Immigration Appeals finding her removable. The Board dismissed her appeal from an Immigration Judge's order denying her motion to reopen. We have jurisdiction and affirm.

Petitioner is a native and citizen of El Salvador. On March 13, 1996, she was apprehended by the Immigration and Naturalization Service and charged with illegal entry under 8 U.S.C. § 125(a)(2), a deportable offense.

Petitioner argues that she is entitled to equitable tolling because of ineffective assistance of counsel. Petitioner argues that a notary named Camacho assured her that he would erase her deportation order. Petitioner has not presented any evidence establishing that Camacho claimed to be an attorney or that she believed him to be an attorney. Nothing in the record establishes that Petitioner was ever deceived as to Camacho's credentials. Because Camacho never represented that he was an attorney, nor claimed he had any legal credentials of any kind, and because Petitioner did not believe Camacho to be an attorney, neither *Varela v. INS,* 204 F.3d 1237 (9th Cir.2000) nor *Lopez v. INS,* 184 F.3d 1097 (9th Cir.1999), applies to this case. Ac-

---

* The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

cordingly, Petitioner is not entitled to equitable tolling.

Petitioner argues that her due process was violated because the audiotape of a hearing before an Immigration Judge is missing. The absence of an audiotape, however, is not a due process violation where, as in the present case, other means to challenge the validity of the hearing were available to Petitioner, such as her own memory, witnesses, or the information within the INS file. *See United States v. Medina,* 236 F.3d 1028, 1032 (9th Cir. 2001).

Petitioner argues that the Board misconstrued the facts and her arguments. The record establishes that the Board properly considered all of her claims.

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.