**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Victor RUIZ–ARIAS, Defendant—Appellant.**

No. 02–50212.
D.C. No. CR–01–894–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 20, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Victor Ruiz–Arias appeals from his guilty plea conviction for unlawful reentry of a deported alien after conviction of an aggravated felony in violation of 18 U.S.C. § 1326(a) and (b)(2). Ruiz–Arias contends that his guilty plea is invalid because the record does not show that he reentered the country without prior permission from the Attorney General. Because Ruiz–Arias failed to raise this contention in the district court, we review for plain error. *See United States v. Vonn,* 535 U.S. 55, 62–63, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002). We affirm, in part, and remand for the limited purpose of correcting the judgment.

Both in his plea agreement with the government and during the change of plea hearing Ruiz–Arias admitted that (1) he is an alien; (2) who was convicted and sentenced for robbery on January 18, 1994; (3) deported to Mexico on December 16, 1997; and (4) he reentered the United States on or about August 1, 2001, without the permission of the Immigration and Naturalization Service. On this record, the district court did not plainly err by finding that a sufficient factual basis supported Ruiz–Arias' guilty plea. *See United States v. Medina,* 236 F.3d 1028, 1030 n. 2 (9th Cir.2001) (listing the elements of section 1326); *see also United States v. Blanco–Gallegos,* 188 F.3d 1072, 1075 (9th Cir.1999) (explaining that the INS is the delegated authority of the Attorney General for purposes of seeking consent of the Attorney General to reenter the United States).

We remand for the limited purpose of directing the district court to amend the judgment to reflect a conviction under 8 U.S.C. 1326(a) only. *United States v. Herrera–Blanco,* 232 F.3d 715 (9th Cir. 2000) (sua sponte remanding to the district court with directions to correct the judgment of conviction to exclude a reference to 8 U.S.C. § 1326(b)(2)).

AFFIRMED in part and REMANDED in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

