Gohar MELIK–KARAMOV, aka Gohar
Avetissian, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–70298.

INS No. A70–219–761.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2003.*

Decided March 11, 2003.

Before T.G. NELSON, SILVERMAN
and MCKEOWN, Circuit Judges.

MEMORANDUM**

Gohar Melik–Karamov ("Melik"), a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from the Immigration Judge's denial of her motion to re-open deportation proceedings. We have jurisdiction, 8 U.S.C. § 1105a(a)(2),[1] review for abuse of discretion, *Sharma v. INS,* 89 F.3d 545, 547 (9th Cir.1996), and deny the petition. Because the parties are familiar with the facts, we only discuss those relevant to our analysis.

Melik's hearing concluded in October 1998. She filed her motion to reopen in June 2000, well beyond the 90 day time period specified by 8 C.F.R. § 3.23(b)(1). Melik's attempt to rely on an exception to the 90 day time period provided for in 8 C.F.R. § 3.23(b)(4) was properly rejected because she failed to produce evidence not previously available to demonstrate that conditions in Armenia had materially changed. Melik's argument that ineffective assistance of counsel equitably tolls the 90 day time period fails because she did not raise this argument before BIA. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183 (9th Cir.2001) (en banc) ("The INS is correct that if Socop failed to exhaust his administrative remedies with respect to equitable tolling, we lack jurisdiction under the INA to consider the issue on appeal"). We lack jurisdiction to entertain Melik's argument that BIA should have exercised its discretionary powers sua sponte under 8 C.F.R. § 3.2(a) to reopen her deportation proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). However, even if we could review BIA's decision, there is no evidence that BIA abused its discretion. Finally, in the absence of any prejudice, Melik's contention that her due process rights were violated by BIA's failure to provide her a transcript of her hearing lacks merit. *See United States v. Medina,* 236 F.3d 1028, 1032 (9th Cir.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Illegal Immigration Reform and Immigration Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (1996) ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it

with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, *this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. See* IIRIRA § 309(c)(1).

2001). Melik identifies no discernible prejudice, and none appears on the record. Moreover, Melik was afforded an opportunity to secure a tape of the proceeding.

PETITION DENIED

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Lau's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

