*v. Highland Music, Inc.,* 140 F.3d 1313, 1321 (9th Cir.1998).

**AFFIRMED.**

**Jesus Armando ENRIQUEZ–QUINTANA, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–71508.

INS No. A92–363–319.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.**

Decided Sept. 19, 2003.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary Finn, Attorney at Law, Indio, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Joan E. Smiley, William Campbell Erb, Jr., Attorney, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM***

Jesus Armando Enriquez–Quintana, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his motion to reopen deportation proceedings. Because the transitional

rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We deny the petition for review.

■ A final administrative order granting Enriquez–Quintana voluntary departure in lieu of deportation was filed on July 6, 1994, and he filed his motion to reopen to apply for suspension of deportation on November 5, 1997. Accordingly, the BIA did not abuse its discretion by determining that the motion to reopen was untimely. *See* 8 C.F.R. § 3.23(b)(1) (motion to reopen must be filed within 90 days of final order of deportation or by September 30, 1996, whichever is later).[1]

■ We lack jurisdiction to consider Enriquez–Quintana's contention that the time for filing his motion to reopen should be equitably tolled because he did not raise this issue before the BIA. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). Moreover, we reject Enriquez–Quintana's contention that he should be excused from the exhaustion requirement because the BIA did not accept the doctrine of equitable tolling when he filed his brief in October 2000. *See id.* at 1182–83 (requiring exhaustion of equitable tolling issue where motion to reopen filed with the BIA in 1997).

■ Further, we lack jurisdiction to review the BIA's refusal to reopen *sua sponte* Enriquez–Quintana's deportation proceedings under 8 C.F.R. § 3.2(a). *See*

*Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

■ Because Enriquez–Quintana has not shown that the INS engaged in affirmative misconduct, we reject his contention that the government should be estopped from refusing to join in his motion to reopen pursuant to 8 C.F.R. § 3.23(b)(4)(iv). *See Socop–Gonzalez*, 272 F.3d at 1184 (equitable estoppel applies only if INS engages in " 'affirmative misconduct' " which is defined "to mean a 'deliberate lie' or 'a pattern of false promises' ") (quoting *Mukherjee v. INS*, 793 F.2d 1006, 1008 (9th Cir.1986)).

■ Enriquez–Quintana also contends that he was denied due process because the BIA did not provide a transcript of the hearings held by the IJ on his motion to reopen. We disagree. The absence of a transcript does not itself deprive Enriquez–Quintana of his due process rights. *See United States v. Medina*, 236 F.3d 1028, 1032 (9th Cir.2001). Moreover, he has not demonstrated that he was prejudiced by the lack of a transcript. *See id.* (to prove prejudice, alien must show "plausible grounds of relief which might have been available to him but for the deprivation of rights") (internal quotation omitted). Finally, he was given an opportunity to obtain a tape recording of the proceedings but chose not to do so.

**PETITION FOR REVIEW DENIED.**

---

1. Because the motion to reopen was not timely, the BIA did not abuse it discretion by declining to reach the merits of Enriquez–Quintana's arguments that the Immigration and Naturalization Service ("INS") lacked justification for refusing to grant further extensions of his voluntary departure date and that his deportation would cause extreme hardship to his children.