**Herlinda MONTANO, also known as Herlinda Montano–Gomez, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–71898.

Agency No. A70–918–362.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.\*\*

Decided Sept. 19, 2003.

Herlinda Montano, Los Angeles, CA, pro se.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Lyle Jentzer, Audrey B. Hemesath, Office of Immigration Litigation, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM\*\*\*

Herlinda Montano, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") denial of her motion to reopen deportation proceedings. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002). We deny the petition for review.

A final administrative order granting Montano voluntary departure in lieu of deportation was filed on January 30, 1995, and she filed her motion to reopen on July 9, 2001. Accordingly, the IJ did not abuse his discretion by determining that Montano's motion to reopen was untimely. *See* 8 C.F.R. § 3.23(b)(1) (motion to reopen must be filed within 90 days of final order of deportation or by September 30, 1996, whichever is later).

We reject Montano's contention that the deadline for filing her motion to reopen should be equitably tolled. Having waited over six years to file the motion, Montano has not shown that she acted with due diligence in pursuing relief from deportation. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1193 (9th Cir.2001) (en banc) (party invoking equitable tolling must show that "despite all due diligence, [she] is unable to obtain vital information bearing on the existence of the claim") (internal quotations omitted).

Moreover, Montano's motion to reopen does not establish prima facie eligibility for suspension of deportation. Accordingly,

---

\* John Ashcroft, Attorney General, is the proper respondent. The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

we reject her contentions that she was deprived of procedural due process at her deportation hearing because she has not demonstrated prejudice. *See United States v. Medina,* 236 F.3d 1028, 1032 (9th Cir.2001) (to prove prejudice from an alleged deprivation of due process, alien must show "plausible grounds of relief which might have been available to him but for the deprivation of rights") (internal quotation omitted).

**PETITION FOR REVIEW DENIED.**