Rodolfo Balagot **BULOS;**
**et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

**No. 03–72168.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Rodolfo Balagot Bulos, a native of the Philippines and citizen of Brazil, and his wife and three children, natives and citi-

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

zens of Brazil, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") denial of their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *de Martinez v. Ashcroft,* 374 F.3d 759, 761 (9th Cir.2004), and we deny the petition for review.

The IJ did not abuse its discretion in denying Bulos's motion to reopen "for the purpose of finding on [a] fraud charge" because Bulos did not present any new evidence and therefore did not satisfy the requirements for a motion to reopen. *See* 8 C.F.R. § 1003.23(b)(3) (a motion to reopen must be based on new facts that were not available at prior hearing).

To the extent Bulos sought adjustment of status, the IJ did not abuse his discretion in denying the motion to reopen because Bulos did not establish prima facie eligibility for adjustment as he did not have an immigrant visa available to him. *See* 8 U.S.C. § 1255(a); *INS v. Abudu,* 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Bulos is not prejudiced by the immigration court's failure to provide a transcript of the motion to reopen hearing because the record indicates that tapes of the hearing are available to Bulos. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000); *see also United States v. Medina,* 236 F.3d 1028, 1031–32 (9th Cir.2001) (holding that the failure to provide a transcript does not in itself violate due process).

**PETITION FOR REVIEW DENIED.**