**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Leobardo OLMOS–ESPARZA, Defendant—Appellant.**

No. 04–50465.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2005.

Decided Aug. 31, 2005.

Kevin M. Mulcahy, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle A. Villasenor–Grant, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

### MEMORANDUM *

Leobardo Olmos–Esparza appeals his conviction for illegal reentry of a removed alien under 8 U.S.C. § 1326 and his enhanced sentence. Specifically, Olmos–Esparza argues that the government's use of a certificate of nonexistence of record ("CNR") and a warrant of deportation as evidence violated his Confrontation Clause rights under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

The introduction of a CNR to prove that a defendant did not seek admission from the Attorney General to re-enter the United States does not constitute testimonial hearsay evidence prohibited by *Craw-*

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*ford.* Rather, it is properly admitted as a nontestimonial public record. *United States v. Cervantes–Flores,* 421 F.3d 825, ——, —— (9th Cir.2005). Similarly, introduction of a warrant of deportation does not violate the Confrontation Clause. *United States v. Bahena–Cardenas,* 411 F.3d 1067, 1075 (9th Cir.2005) (holding a warrant of deportation nontestimonial "because it was not made in anticipation of litigation, and because it is simply a routine, objective, cataloging of an unambiguous factual matter"). Thus, the district court did not err in admitting into evidence the CNR to show that defendant failed to seek permission to re-enter the country or the warrant of deportation to demonstrate that Olmos–Esparza was removed from the United States.

■ We further reject defendant's claim that there was insufficient evidence to show that he was removed from the United States because the officer who witnessed him leave was not called to testify. Here, the government offered the warrant of deportation, which indicated that defendant was to depart at the Calexico port of entry. A warrant of deportation suffices to prove the element of the offense that the defendant was removed from the country. *United States v. Medina,* 236 F.3d 1028, 1031 (9th Cir.2001). Further, defendant admitted to Agent Hayes that he had been removed and was returned to Mexico at the Calexico port of entry. Defendant's admission was memorialized in a sworn statement. Thus, the jury had sufficient evidence of his departure to convict him under the statute.

■ Defendant argues that the district court improperly enhanced his sentence in several respects under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Because the jury had to find that defendant was removed to convict him under § 1326, the court could

use this determination, along with the fact of his prior conviction, to enhance his sentence. Neither *Blakely* nor *Booker* disturbed the exception carved out in *Apprendi* that sentence enhancements based on judge-made findings of prior convictions do not violate the Sixth Amendment. *See United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005); *see also United States v. Quintana–Quintana,* 383 F.3d 1052, 1053 (9th Cir.2004) (noting that *Blakely* did not upset the "well-settled" *Apprendi* exception for the fact of a prior conviction).

■ Nonetheless, the Sentencing Guidelines are no longer mandatory, and we cannot determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory. *See United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc). Accordingly, the district court should reconsider Olmos–Esparza's sentence in light of *Ameline.*

Conviction AFFIRMED and sentence REMANDED.