Serafin CAMPOS–SORIA;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–74565.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Filed June 16, 2006.

Serafin Campos–Soria, San Jose, CA, pro se.

Rosa Cuambra Rodriguez, San Jose, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice Civil

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

### MEMORANDUM **

Serafin Campos–Soria and Rosa Cuambra Rodriguez, husband and wife, and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to remand and dismissing their appeal from an immigration judge's ("IJ") order denying their applications for suspension of deportation and their motion to reconsider that denial. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings regarding continuous physical presence. *See Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004). We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We review for abuse of discretion the denial of a motion to remand. *See Lainez–Ortiz v. INS,* 96 F.3d 393, 395 (9th Cir.1996). We deny the petition for review.

■ The agency found that petitioners entered the United States in 1992, and petitioners have not contested that finding in their petition for review. Orders to Show Cause ("OSC") were served on petitioners in 1994. Substantial evidence supports the agency's determination that petitioners were ineligible for suspension of deportation because they failed to demonstrate the requisite seven years of continuous physical presence in the United States. *See* 8 U.S.C. § 1254(a)(1); *Ram v. INS,* 243 F.3d 510, 518 (9th Cir.2001) ("under the stop-time rule, an alien's period of continuous physical presence ends upon the service of a OSC"). Inasmuch as petitioners were not eligible for suspension of deportation, their contention that the IJ erred in pretermitting their applications is without merit.

Petitioners also contend the IJ erred in not scheduling a hearing on the merits of their suspension applications prior to April 1, 1997, and in not advising them that with the enactment of IIRIRA, the stop-time rule would render them ineligible for suspension of deportation. This contention is unavailing because, even if the merits hearing had been held before IIRIRA went into effect on April 1, 1997, and the suspension rules therefore applied to petitioners' case, they could not have shown they had been physically present for seven years since 1992.

■ Petitioners' contention that the lack of a complete record violates their rights is unavailing because the facts contained in the inadvertently erased tape recordings are undisputed. *See United States v. Medina,* 236 F.3d 1028, 1032 (9th Cir.2001) (holding that "the mere absence of a tape recording or transcript" does not mean that an alien is deprived of his due process rights).

■ Finally, petitioners contend that the BIA should have granted their motion to remand because, but for their former counsel's ineffective assistance, they would have been able to advance their case in time to qualify for suspension of deportation. As noted above, based on their entry into the United States in 1992, a merits

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

hearing held prior to April 1, 1997 would not have helped petitioners establish seven years of continuous physical presence prior to the filing of their applications for suspension of deportation. *See* 8 U.S.C. § 1254(a)(1) (1994) (under the repealed provision, applicants for suspension of deportation had to demonstrate seven years of continuous physical presence in the United States immediately prior to the filing date of such application). Therefore, the BIA did not abuse its discretion in denying petitioners' motion to remand because they failed to show that they were prejudiced as a result of the alleged ineffective assistance. *See Lainez–Ortiz,* 96 F.3d at 395.

**PETITION FOR REVIEW DENIED.**