UNITED STATES of America, Plaintiff–Appellee,

v.

Jose CAMPOS–VIDAL, Defendant–Appellant.

No. 06–50252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed June 29, 2007.

by 9th Cir. R. 36–3.

Stephen F. Miller, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Stephanie Lacambra, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON and RAWLINSON, Circuit Judges, and SANDOVAL *, District Judge.

MEMORANDUM **

Appellant Jose Campos–Vidal sought to enter the United States on March 16, 2005. By the time he was arrested for illegally attempting to re-enter the country, in violation of 8 U.S.C. § 1326(a), it was the next day. Campos–Vidal was then tried, convicted, and sentenced to fifty months in prison. In sentencing Campos–Vidal, the district court applied an eight-level increase in the offense level under U.S.S.G. § 2L1.2(b)(1)(C) because Campos–Vidal had been previously deported following a conviction for an aggravated felony—grand theft of property, a violation of California Penal Code § 487.

Campos–Vidal now seeks review of the district court's denial of his motion to dismiss the indictment. He alleges that the underlying deportation proceeding did not comport with due process and, therefore, the § 1326 indictment should have been dismissed. Campos–Vidal also asserts several challenges to the sentence imposed by the lower court. Campos–Vidal asserts that the trial court erred in finding the date of his previous deportation when that date had not been identified in the indictment, found by the jury, or admitted by him. He also argues that the district court erred in enhancing his sentence on the basis that he had committed an aggravated felony, and he claims that the sentence imposed by the district court was unreasonable. Campos–Vidal also challenges the constitutionality of the district court's finding of his previous conviction for an aggravated felony, as well as the terms of 8 U.S.C. § 1326(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ 1. We disagree with Campos–Vidal's due process argument and find that the error, if any, was harmless because Campos–Vidal was previously convicted of an aggravated felony and thus was not eligible for voluntary departure or relief from deportation. *See* 8 U.S.C. § 1229c(a)(1); 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1225(a)(4); 8 U.S.C. § 1228(b)(5).

■ 2. The district court's enhancement of Campos–Vidal's sentence under U.S.S.G. § 2L1.2(b)(1)(C) was proper because it correctly determined that Campos–Vidal had been convicted of an aggravated felony. *United States v. Velasco-Medina,* 305 F.3d 839, 851–853 (9th Cir. 2002); *Gonzales v. Duenas–Alvarez,* — U.S. ——, 127 S.Ct. 815, 822, 166 L.Ed.2d 683 (2007).

■ 3. In this case, the jury was presented with evidence of only one deportation, which occurred in February 2005. Since the only evidence of removal presented to the jury related to a removal subsequent to Campos–Vidal's 1994 felony conviction, "the jury necessarily found beyond a reasonable doubt that [Campos–Vidal's] prior 'removal was subsequent to a conviction for commission of an aggravated felony.'" *United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1092 (9th Cir.2007) (quoting 8 U.S.C. § 1326(b)(2)).

■ 4. The lower court's determination of Campos–Vidal's prior conviction is

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

constitutional. *United States v. Covian–Sandoval,* 462 F.3d 1090, 1096–97 (9th Cir. 2006). His argument that § 1326(b) is unconstitutional is also foreclosed. *Id.* at 1097.

6. The district court carefully considered the factors and objectives set out in 18 U.S.C. § 3553. Consequently, the sentence imposed was reasonable. *See United States v. Ameline,* 400 F.3d 646, 656 (9th Cir.2005) (en banc); *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006).

■ 7. At trial, sufficient evidence was presented to allow the jury to conclude that a deportation proceeding had occurred. *United States v. Medina,* 236 F.3d 1028, 1031 (9th Cir.2001). Thus, the Government met its burden as to that issue.

**CONVICTION AND SENTENCE AFFIRMED.**