FILED

NOT FOR PUBLICATION

SEP 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO RIVAS BACH MEJIA; VERONICA LISETTE QUINTAN RIVAS BACH; REBECA MARIA RIVAS BACH QUINTANILLA; DIEGO FRANCISCO RIVAS BACH QUINTANILLA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70075 <br><br> Agency Nos.      A098-846-358 <br>           A098-846-359 <br>           A098-846-360 <br>           A098-846-361 <br><br> MEMORANDUM[*] |
| FRANCISCO RIVAS BACH MEJIA; VERONICA LISETTE QUINTAN RIVAS BACH; REBECA MARIA RIVAS BACH QUINTANILLA; DIEGO FRANCISCO RIVAS BACH QUINTANILLA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, | No. 11-72326 <br><br> Agency Nos.      A098-846-358 <br>           A098-846-359 <br>           A098-846-360 <br>           A098-846-361 |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 30, 2012[**]
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and FRIEDMAN, Senior District Judge.[***]

Petitioners Francisco Rivas Bach Mejia, his wife Veronica, and their children, Rebeca and Diego, seek review of two final orders issued by the Board of Immigration Appeals: the December 14, 2010 order dismissing Petitioners' appeal and the July 12, 2011 order denying their motion to reopen. Petitioners argue: (1) that the Board erred in not considering customary international law as an independent ground for relief from removal; (2) that because the transcript omits parts of the first hearing, their due process rights were violated; and (3) that the Board abused its discretion in denying their motion to reopen.

First, even if the Convention on the Rights of the Child were customary international law, Congress may legislate beyond the limits imposed by international law. *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1009 (9th Cir.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Paul L. Friedman, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

2005). Because Congress has enacted an extensive legislative scheme regarding immigration, customary international law is inapplicable in immigration proceedings, and neither an immigration judge nor the Board has jurisdiction to hear such a claim. *Galo-Garcia v. INS*, 86 F.3d 916, 918 (9th Cir. 1996).

Second, to succeed on a due process claim, Petitioners must show that "the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000); *see also United States v. Medina*, 236 F.3d 1028, 1031–32 (2001). Petitioners point to no material evidence missing from the record or to any prejudice. The Immigration Judge, having received complaints about the initial hearing, ordered a second hearing and liberally permitted counsel for Petitioners to present testimony, regardless of whether it had been covered at the prior hearing. Petitioners testified again at the second hearing, and the judge asked his own clarifying questions. Petitioners had a chance to elaborate or clarify matters of the record, and they did not complain about the interpretation or transcription at the second hearing. Because Petitioners did not show prejudice, the poor quality of the transcript of the first hearing does not violate due process. *See Medina*, 236 F.3d at 1032.

Third, the Board may deny a motion to reopen where Petitioners do not show a prima facie case for relief sought or introduce previously unavailable material evidence. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). The

new evidence, an affidavit from Colonel Capacho, mostly includes information that predated the hearing and was available at that time.  The information that post-dates the hearing is speculative in so far as we do not know that the person who was killed was targeted for reasons comparable to those urged by Petitioners, and the new evidence does not establish a particularized threat to the Petitioners.  *See id.*  There was no abuse of discretion in denying rehearing.

**DENIED**.