NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIVINGSTON TONEY, | No.   16-70611 |
| Petitioner, | Agency No. A024-685-212 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2019[**]
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and ANTOON,[***] District Judge.

Petitioner Livingston Toney seeks review of the decision of the Board of

Immigration Appeals (BIA) dismissing his appeal and denying his motion for

remand.  On appeal to the BIA, Toney alleged that he suffered a violation of his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

right to due process because the absence of some transcripts of his hearings before the immigration judge (IJ) precluded him from successfully prosecuting his appeal. After conducting our own *de novo* review, we conclude that the BIA correctly determined that Toney's due process claim lacked merit. *See Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012) ("[W]e review legal and constitutional questions, including alleged due process violations, de novo.").

Although immigration proceedings are not subject to the full panoply of constitutional protections, they must nonetheless "conform to the Fifth Amendment's due process requirement." *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009). In the immigration context, a due process violation occurs when "(1) the proceeding [is] so fundamentally unfair that the alien [is] prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citation omitted). Toney fails to satisfy either prong of the test.

First, Toney has not demonstrated that the absence of transcripts rendered his appeal to the BIA so fundamentally unfair as to prevent him from reasonably presenting his case. We have held that the mere absence of a tape recording or transcript does not categorically satisfy the fundamental unfairness requirement.

*See United States v. Medina*, 236 F.3d 1028, 1031 (9th Cir. 2001). Of course, the absence of a transcript "alters the nature of judicial review," but it does not "effectively eliminate[] the right of the alien to obtain judicial review." *Id.* at 1032 (alteration in original) (quoting *United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987)). Here, Toney has not shown that the absence of some transcripts of his initial hearings before the IJ prevented him from reasonably presenting his case to the BIA. As we have noted in similar cases, Toney had other means available to him—including witness testimony, his own memory, and other portions of the administrative record—by which he could have presented his case. But Toney never attempted to present any issue except the due process claim. On this record, we cannot say that the absence of transcripts prevented Toney from reasonably presenting his case.

Second, even if Toney had established the requisite fundamental unfairness, he failed to demonstrate that the absence of transcripts prejudiced him. To show prejudice, Toney must show "plausible grounds of relief which might have been available to him but for the deprivation of rights." *Id.* (quoting *United States v. Alvarado-Delgado*, 98 F.3d 492, 494 (9th Cir. 1996)). However, a "vague assertion that, if a [transcript] [were] available, [an alien] might be able to locate some defect in the proceeding" does not suffice to show prejudice. *Id.* Toney alleges here that counsel may have been ineffective, including by failing to object

3

to the admission of certain documents under the Fourth Amendment. But Toney candidly admits that he seeks to review the transcripts to search "for . . . evidence showing ineffective representation of Mr. Toney." And his Fourth Amendment argument—that counsel should have attempted to suppress his I-213 and Record of Sworn Statement under the Fourth Amendment on the ground that Los Angeles International Airport is not the functional equivalent of a border—is foreclosed by precedent. *See United States v. Arnold*, 533 F.3d 1003, 1006 (9th Cir. 2008) ("Searches of international passengers at American airports are considered border searches because they occur at the 'functional equivalent of a border.'"). Accordingly, Toney has advanced "'no more than speculation to support his assertion of prejudice, and he has failed to set forth any plausible argument or factual basis' that would support" his argument that he suffered prejudice. *Medina*, 236 F.3d at 1032 (alterations omitted) (quoting *United States v. Corrales-Beltran*, 192 F.3d 1311, 1319 (9th Cir. 1999)).

In sum, we cannot conclude that the absence of some transcripts violated Toney's Fifth Amendment right to due process.

**PETITION FOR REVIEW DENIED.**