**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL VASQUEZ-ARCE, | No. 16-72643 |
| Petitioner, | |
| v. | Agency No. A200-067-660 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Samuel Vasquez-Arce, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1),[1] and we dismiss in part and deny in part the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The absence of a recording or transcript from the merits hearing has not "functionally deprived [Vasquez-Arce] of judicial review," so there was no due process violation. *See United States v. Medina*, 236 F.3d 1028, 1032 (9th Cir. 2001). Even if we presumed such a violation, Vasquez-Arce's "vague assertion that, if a tape recording [or transcript] was available, he might be able to locate some defect in the proceeding" is insufficient to establish prejudice. *See id.* Moreover, Vasquez-Arce declined the IJ's invitation to hold another merits hearing and stipulated to the use of the IJ's testimonial summary instead. Thus, the due

---

[1] *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019), forecloses Vasquez-Arce's argument that, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), jurisdiction never vested in the agency due to purported errors in the notice to appear.

process claim fails.[2]

We have jurisdiction to consider if the agency erred by failing to determine whether Vasquez-Arce's illiteracy constituted an extraordinary circumstance excusing the untimely filing of his asylum application. *See Singh v. Holder*, 649 F.3d 1161, 1164-65 (9th Cir. 2011) (one-year bar determination not reviewable absent a legal or constitutional challenge). The agency did consider that fact, so there was no legal error.

The BIA did not err in finding that Vasquez-Arce failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1084 (9th Cir. 2013) (en banc) (immutability requires voluntary association or "an innate characteristic that is so fundamental to the identities or consciences of its members that members either cannot or should not be required to

---

[2] By failing to raise it in his opening brief, Vasquez-Arce has waived any argument that we should afford less deference to the agency's findings under *Medina*. *See Medina*, 236 F.3d at 1032 (suggesting less deference may be appropriate when there is no transcript or recording); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issue waived when not specifically raised in opening brief).

change it" (quotation marks and citation omitted)). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).

We lack jurisdiction to consider two of the social groups proposed by Vasquez-Arce in his opening brief—former truck drivers and his family—because he failed to exhaust these arguments in the agency proceedings. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). By failing to raise it in his opening brief, Vasquez-Arce has waived any argument that his status as a returnee from the United States perceived to be wealthy places him in a cognizable social group. *See Martinez-Serrano*, 94 F.3d at 1259-60. Thus, the withholding claim fails.

Substantial evidence supports the agency's denial of CAT relief because Vasquez-Arce failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (petitioner failed to establish necessary "state action" for CAT relief); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) ("unfulfilled threats" generally do not rise to the level of persecution, which

is a lower standard than torture).  Thus, the claim for CAT relief fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**