NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAMILO ANDRE CAMARGO RINCON; CLAUDIA MARCELA SANCHEZ-GUZMAN; ANDRES SANTIAGO CAMARGO-SANCHEZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-1376<br><br>Agency Nos.<br>A240-887-908<br>A240-887-909<br>A240-887-916<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025**
San Francisco, California

Before: OWENS and BUMATAY, Circuit Judges, and LIBURDI, District Judge.***

Camilo Camargo Rincon, his wife Claudia Sanchez Guzman, and their son

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

Andres Camargo Sanchez (collectively, "Petitioners"), natives and citizens of Colombia, seek review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review the BIA's factual findings for substantial evidence and review questions of law de novo. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      An applicant who demonstrates past persecution benefits from a presumption of future persecution, but the Department of Homeland Security may rebut that presumption by showing the applicant can safely and reasonably internally relocate. *Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019).

The record does not compel the conclusion that internal relocation would be unsafe. Camilo testified he had no contact with Mario or his associates during the family's eighteen-month stay outside Bogotá. His declaration suggesting later threats lacked a timeline and was less reliable than his clear testimony. Because the record does not compel a contrary conclusion, we must uphold the BIA's finding. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

Substantial evidence also supports the BIA's finding that relocation would be reasonable. *See* 8 C.F.R. § 1208.13(b)(3) (instructing courts to consider the "totality of the relevant circumstances"); *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir.

2004). Although Petitioners argue relocation caused financial hardship, the BIA reasonably considered the totality of the circumstances—including Petitioners' youth, health, Spanish fluency, and Camilo's history of self-employment and education—and concluded relocation remained feasible.

2.      Because Petitioners failed to meet the lower burden required for asylum, their withholding of removal claim necessarily fails. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

3.      The BIA properly rejected Petitioners' due process claim regarding their inability to obtain hearing transcripts. Noncitizens in removal proceedings must show both fundamental unfairness and prejudice to allege a due process claim. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006). Petitioners offered only counsel's unsupported assertions that transcripts were unavailable, which are not evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984). Even assuming transcript defects, we have explained that transcription problems alone do not establish a due process violation because prejudice must be shown, and the record can be reconstructed. *See Zia v. Garland*, 112 F.4th 1194, 1203 (9th Cir. 2024); *United States v. Medina*, 236 F.3d 1028, 1032 (9th Cir. 2001). Petitioners failed to show prejudice because they identified no missing facts or arguments that could have affected the BIA's decision.

4. The BIA did not err in determining that Petitioners waived their humanitarian asylum claim by failing to raise it before the BIA. *See Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019); *see also Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). The BIA also determined that Petitioners waived their CAT claim, and Petitioners do not meaningfully raise their CAT claim in their opening brief to this court. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018).

5. The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**