**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1712
_____

OLEKSANDR OLIYNYK, AKA Oliynyk V. Oleksandr,
AKA Oleksandr V. Oliyntk, AKA Oleksandr V. Oliynyk,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-986-682)
Immigration Judge:  Honorable Steven A. Morley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 4, 2018

Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: September 6, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Oleksandr Oliynyk petitions for review of a final order of removal. For the reasons detailed below, we will deny the petition.

Oliynyk is a citizen of the former U.S.S.R. He entered the United States in 1999 (he claims) or 2002 (the Government claims) on a student visa. In 2014, he was convicted in Pennsylvania state court of theft by deception and sentenced to three-and-a-half to seven years' imprisonment. In 2017, the Government charged Oliynyk with being removable because (1) he had been convicted of a theft offense that qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G); (2) he had been convicted of an offense involving fraud or deceit in which the loss to the victims exceeded $10,000 that qualified as an aggravated felony under § 1101(a)(43)(M); and (3) he had failed to maintain or comply with the conditions of his nonimmigrant status under § 1227(a)(1)(C)(i).

Oliynyk, who has proceeded pro se throughout these proceedings, has zealously litigated his case. Before an Immigration Judge (IJ), he applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He claimed that he feared that Ukrainian nationalists would harm him due to his Russian ethnicity. He also alleged that the Government had failed to establish that he had actually been convicted of the theft-by-deception offense and raised numerous procedural objections. Ultimately, the IJ denied all relief to him and ordered his removal. Oliynyk appealed to the Board of Immigration Appeals (BIA), raising numerous claims. In a thorough decision, the BIA affirmed the IJ in all respects and dismissed the appeal. Oliynyk then filed a petition for review to this Court.

2

We generally have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). However, because, as we discuss below, we conclude that Oliynyk is removable for having committed an aggravated felony, § 1252(a)(2)(C)'s jurisdiction-stripping provision applies. See generally Singh v. Att'y Gen., 839 F.3d 273, 282 (3d Cir. 2016). As a result, our jurisdiction is limited to questions of law and constitutional claims. See § 1252(a)(2)(D).

Oliynyk's first argument is that the Government failed to carry its burden of proving that he was actually convicted of the theft offense. We are not persuaded. The Government presented a court-commitment form, a sentencing sheet, trial- and appellate-court dockets, and transcripts of his trial and sentencing proceedings, all of which show that Oliynyk was convicted of theft by deception.[1] See A.R. at 392-448, 870-946. This evidence amply documented Oliynyk's conviction. See generally 8 C.F.R. § 1003.41 (listing documents that can be used to prove a criminal conviction). At times Oliynyk also seems to argue that he is innocent of the offense, but he cannot collaterally attack his criminal judgment in removal proceedings. See Drakes v. INS, 330 F.3d 600, 602-04 (3d Cir. 2003).

Oliynyk did not argue in his appeal to the BIA that a conviction for theft by deception does not qualify as an aggravated felony, and he consequently has not exhausted that issue. We therefore lack jurisdiction to review it. See 8 U.S.C.

---

[1] The Superior Court also issued an opinion affirming this conviction. See Commonwealth v. Oliynyk, No. 1325 EDA 2014, 2015 WL 6410311 (Pa. Super. Ct. Jan. 30, 2015).

3

§ 1252(d)(1); Lin v. Att'y Gen., 543 F.3d 114, 119-21 (3d Cir. 2008); Malu v. Att'y Gen., 764 F.3d 1282, 1287–90 (11th Cir. 2014). Thus, as we noted above, we conclude that Oliynyk has been convicted of an aggravated felony, and our jurisdiction is limited to legal and constitutional issues. The aggravated-felony conviction also renders Oliynyk ineligible for asylum, see § 1158(b)(2)(A)(ii), (b)(2)(B)(i), and, because his maximum sentence exceeded five years, withholding of removal, see § 1231(b)(3)(B); Bovkun v. Ashcroft, 283 F.3d 166, 171 (3d Cir. 2002).

Oliynyk next argues that the IJ erred by failing to continue a hearing because he was ill. However, we have ruled that "[t]he denial of a motion for a continuance is discretionary," and does "not raise a constitutional claim or question of law covered by § 1252(a)(2)(D)'s judicial review provision." Rachak v. Att'y Gen., 734 F.3d 214, 216–17 (3d Cir. 2013) (quotation marks, alteration omitted). Thus, we lack jurisdiction to review this discretionary decision. Moreover, even assuming that there might be a way to frame such a claim as alleging denial of due process, see generally Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009), Oliynyk would not prevail here. In response to Oliynyk's claim that he was sick, the IJ directed his court officer and the Government attorney to call the medical facility at Oliynyk's prison. Counsel for the Government said that he was told there was no reason that Oliynyk could not participate in court that day, and the court officer testified that a nurse reported that Oliynyk was taking just a mild medication for stomach trouble and did not have a doctor's appointment scheduled for another month. See A.R. at 227-29. Moreover, the record shows that, despite his assertions of illness, Oliynyk represented himself aggressively and without any apparent

4

limitation. Thus, to the extent Oliynyk asserts this as a due-process argument, we reject it. See Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006) (to make successful due-process claim, alien "must show that he was prevented from reasonably presenting his case" (quoting Uspango v. Ashcroft, 289 F.3d 226, 231 (3d Cir. 2002)).

Oliynyk also argues that his due-process rights were violated by the failure of the agency to transcribe a hearing that was held on June 26, 2017. He is right that this transcript does not appear in the record. However, the mere absence of a transcript does not mean that an alien is deprived of his due-process rights. See United States v. Medina, 236 F.3d 1028, 1032 (9th Cir. 2001). To be entitled to relief, Oliynyk must demonstrate that he was prejudiced by the alleged due-process violation—that is, that a complete transcript might have changed the outcome of his case. See Ortiz-Salas v. INS, 992 F.2d 105, 106 (7th Cir. 1993). He contends that, in the June 26, 2017 hearing, he designated as countries of removal the United Kingdom, Germany, or Switzerland, and that the agency incorrectly determined that he declined to designate a country. See generally 8 U.S.C. § 1231(b)(2) (providing rules for selecting country of removal). However, he did not make this argument before the BIA. See A.R. at 9. While we apply the exhaustion rules liberally in the immigration context, see Lin v. Att'y Gen., 543 F.3d 114, 121 (3d Cir. 2008), Oliynyk did not so much as hint in his brief to the BIA that he had designated a country for removal, and never mentioned the United Kingdom, Germany, or Switzerland at all. Thus, we lack jurisdiction to consider this claim.

Next, Oliynyk contends that the removal proceedings should have been terminated because there was a defect in the initial notice to appear (NTA). The record on this claim

is somewhat confused. It does appear that DHS served an NTA on Oliynyk on May 23, 2017 (which Oliynyk refused to sign), but that the NTA was, for reasons that are nowhere explained, rejected by the Executive Office for Immigration Review on May 25, 2017. See A.R. at 51-52, 70, 200. Because the NTA was rejected, DHS served it again on June 16, 2017. However, the substance of the two documents was the same (it is not clear whether DHS simply refiled the same document or filed a new document with the same charges), see A.R. at 200, and Oliynyk was informed of the operative charges before his hearing, see id. at 201. Thus, Oliynyk has not shown that he was prejudiced by the fact that DHS served a second NTA. See generally Jean-Louis v. Att'y Gen., 582 F.3d 462, 465 n.4 (3d Cir. 2009) (alleged shortcoming in NTA was harmless because the petitioner "was adequately apprised of the issue").

Finally, Oliynyk challenges the BIA's conclusion that he failed to show that he was entitled to CAT relief. However, the BIA's key conclusions—that the IJ "did not clearly err in assessing country conditions or in forecasting the likelihood that the respondent would be tortured upon return to Ukraine," BIA Op. at 3—are factual determinations, see Kaplun v. Att'y Gen., 602 F.3d 260, 271-72 (3d Cir. 2010), and thus are beyond our jurisdiction to review, see Roye v. Att'y Gen., 693 F.3d 333, 343 n.12 (3d Cir. 2012).

Accordingly, we will deny the petition for review.